**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DENNIS MASTRO, et al.,

            Petitioners - Appellants,

  v.

JOHN MOMOT,

            Respondent - Appellee.

No. 09-17698

D.C. No. 2:09-cv-01076-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted March 15, 2011
Davis, California

Before: W. FLETCHER and M. SMITH, Circuit Judges, and WU, District Judge.[**]

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We have jurisdiction under 9 U.S.C. § 16(a)(1)(C).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

In light of our contemporaneously filed opinion in the Mastros' related appeal, *Momot v. Mastro*, No. 10-15276, we vacate and remand to the district court.

At the time the district court issued its order denying the Mastros' motion to compel arbitration under section 4 of the Federal Arbitration Act (FAA), 9 U.S.C. § 4, its decision was correct. To have ruled otherwise would have required the court to address the arbitrability of Momot's claims, the same issue that was then pending before the Nevada district court. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982).

In light of our holding in the related appeal that the parties agreed to arbitrate the question of arbitrability, however, the FAA mandates that the district court grant the motion to compel arbitration. *See* 9 U.S.C. § 4; *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (stating that FAA section 4 "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed").

**VACATED AND REMANDED with instructions to grant Appellants' motion to compel arbitration.**